**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELENA SEROKA STERN, an infant, by
her next friend, Gary S. Stern;
GARY S. STERN; JOSEPHINE STERN,
Plaintiffs-Appellants,

v.

No. 96-1011

THE CINCINNATI INSURANCE COMPANY;
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; GRAPHIC ARTS
MUTUAL INSURANCE COMPANY,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Jackson L. Kiser, Chief District Judge.
(CA-95-16)

Submitted: January 28, 1997

Decided: February 25, 1997

Before RUSSELL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bryan Kenneth Selz, OVERBEY, HAWKINS & SELZ, Rustburg,
Virginia, for Appellants. Phillip Verne Anderson, Melissa Warner
Scoggins, Jason Guy Moyers, GENTRY, LOCKE, RAKES &

MOORE, Roanoke, Virginia; Henry Moseley Sackett, III, ED-MUNDS & WILLIAMS, P.C., Lynchburg, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Elena Seroka Stern and her parents, Gary and Josephine Stern, appeal the district court order granting summary judgment for Appellees in Appellants' declaratory judgment proceeding against Graphic Arts Mutual Insurance Company ("Graphic Arts") and two other insurance companies. Resolution of the only issues presented in this appeal required the interpretation and application of Virginia substantive law in circumstances that had never been addressed by the Supreme Court of Virginia. This court granted Appellants' motion to certify these questions of law and the Supreme Court of Virginia accepted the questions for consideration. In light of the Supreme Court of Virginia's response to those questions, we affirm the district court's order.

The events leading to this case occurred on March 1, 1995, in Lynchburg, Virginia. Ten-year-old Elena Stern was injured when a car driven by David Demoss struck her as she attempted to cross the road to board her school bus. At the time of the accident, the bus driver had activated the vehicle's flashing red lights and safety stop sign and had extended the front safety gate. Elena was two or three feet from the center line of the road and several feet from the front of the bus when Demoss' vehicle hit her.

DeMoss' liability was stipulated. Elena's parents are liable for Elena's medical expenses and Demoss is liable to the Sterns for the expenses they incurred as a result of the accident.

2

At the time of the accident, Demoss was insured under an automobile liability insurance policy issued by The Cincinnati Insurance Company ("Cincinnati"), which limited liability coverage to $25,000 per person. Elena was covered by her parents' State Farm Mutual Automobile Insurance Company ("State Farm") policy underinsured motorist provisions which provided $100,000 for underinsured motorist coverage. The Lynchburg City School System was insured under a vehicle liability insurance policy issued by Graphic Arts providing $1,000,000 of underinsured motorist coverage to persons defined as insureds under the policy.

"Insured" is defined in the Graphic Arts policy to include, inter alia, those who are injured while "occupying" a vehicle covered under the policy. The policy defines "occupying" as "in, upon, getting in, on, out or off." The Virginia uninsured motorist statute, Va. Code Ann. § 38.2-2206 (Michie Supp. 1996), provides that there is coverage for those individuals who "use" a motor vehicle with the express or implied consent of the named insured.

The district court concluded that Elena Seroka Stern was neither "occupying" nor "using" the Lynchburg City school bus at the time of the accident and so was not entitled to the underinsured motorist coverage available under the Graphic Arts policy. On appeal, Appellants asserted two questions for purposes of determining whether Graphic Arts was liable to Elena: (1) whether, when she was injured, Elena was "occupying" the Lynchburg city school bus as defined by Graphic Art's insurance policy; and (2) whether Elena was "using" the school bus as defined by Va. Code Ann. § 38.2-2206 when she was injured. Finding no controlling precedent on these issues, we submitted them to the Supreme Court of Virginia.**1**

In an opinion dated November 1, 1996, the Supreme Court of Virginia answered both questions in the negative. The Sterns argued that, at the time of the accident, Elena was "occupying" the bus as defined by the Graphic Arts policy, because she was "getting in [or] getting on" the bus.**2** Rejecting this argument, the Supreme Court of Virginia

_____

**1** In doing so, we acted pursuant to Va. Const. art. VI, § 1, and Va. S. Ct. R. 5:42.
**2** The Sterns conceded that Elena was not "in" or "upon" the school bus, nor was she "getting out or off" the bus at the time of the accident.

3

held that the term "occupying" implies a physical presence in or on a place or object and concluded that because Elena was merely approaching the bus when the accident occurred, she was not "getting in" or "getting on" the bus as contemplated in the Graphic Arts policy. Furthermore, the court held that Elena was not "using" the bus for purposes of Va. Code Ann. § 38.2-2206, because she was not yet a passenger when the accident occurred. Thus, the court held that the Graphic Arts policy did not provide underinsurance coverage to the Sterns.

Because under Virginia law Elena Stern was not covered by the Graphic Arts policy, we affirm the district court's order granting summary judgment for Appellees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4